IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER RAKOS

CASE NO. 2:24-cr-156-TPB-KCD

15 U.S.C. § 1

## INFORMATION

The United States of America, by and through the undersigned attorneys, charges:

### COUNT ONE
### (Conspiracy to Restrain Trade)

**A.  Introduction**

At all times material to this Information:

1. Company 1 was a commercial roofing company incorporated under the laws of Florida, with its principal place of business located in Lehigh Acres, Florida. Defendant Christopher Rakos was employed by/or owned Company 1 and was a resident of Fort Myers, Florida, during the relevant period.

2. In or around 2011, Defendant Christopher Rakos became President of Company 1.

3. In or around 2022, Defendant Christopher Rakos purchased a controlling interest in Company 1 from its previous owner.

4. During the relevant period, Company 2 was also a provider of commercial roofing services, with its principal place of business in Sarasota, Florida.

Individual 1 was President of Company 2. Company 2 was a competitor to Company 1 for commercial roofing contracts and related services.

5. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

6. During the relevant period, Company 1 provided a range of commercial roofing services to customers in the State of Florida, including to customers in the Middle District of Florida. These commercial roofing services included, but were not limited to, installation and repair of flat and sloped roofs on commercial facilities.

7. During the relevant period, potential customers solicited bids from providers of commercial roofing services. Potential customers typically required bids from at least two or more providers of commercial roofing services and awarded contracts for commercial roofing services after first reviewing and evaluating the bids submitted by commercial roofing services providers.

### B. Description of the Offense

8. Beginning at least as early as 2010 and continuing until at least as late as October 2020, the exact dates being unknown to the United States, in the Middle District of Florida, the defendant,

**CHRISTOPHER RAKOS,**

entered into and engaged in a combination and conspiracy with Individual 1, Company 2, and other co-conspirators to suppress and eliminate competition by agreeing to rig bids for commercial roofing contracts in Florida. The combination and conspiracy engaged in by the defendant and his co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

9. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and his co-conspirators, the substantial terms of which were to rig bids for contracts to provide commercial roofing services in Florida.

### C. Manner and Means of the Conspiracy

10. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

   a. engaged in conversations and communications with employees and executives of Company 2 regarding which commercial roofing contracts each company wanted to win and agreed to rig bids for commercial roofing contracts in each other's favor;

   b. agreed which company would submit an intentionally higher, losing bid;

   c. the agreed-upon co-conspirator solicited intentionally higher, non-competitive bids from the agreed-upon losing co-conspirator;

3

d. the agreed-upon co-conspirator provided the agreed-upon losing co-conspirator with the price he intended to bid, and the agreed-upon losing co-conspirator used that information to craft a higher-priced, non-competitive bid;

e. submitted rigged bids to customers; and

f. were awarded contracts and received payments for commercial roofing services where rigged bids were submitted.

### D. Trade and Commerce

11. During the relevant period, the defendant and his co-conspirators provided commercial roofing services in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and documents necessary for the sale and provision of such services, as well as payments for those services, traveled in interstate commerce.

12. During the relevant period, the business activities of the defendant and his co-conspirators in connection with the provision of commercial roofing services were within the flow of, and substantially affected, interstate trade and commerce.

### E. Venue

13. During the relevant period, acts in furtherance of this conspiracy were carried out within the Middle District of Florida. Commercial roofing services that were the subject of this charge were provided by one or more of the co-conspirators to customers in the Middle District of Florida.

All in violation of Title 15, United States Code, Section 1.

*Jonathan S. Kanter /s DAL*

JONATHAN S. KANTER
Assistant Attorney General
Antitrust Division
United States Department of Justice

*[signature]*

Daniel A. Loveland, Jr.
Ronald P. Fiorillo II
Vijay N. Rao
Jonathan A. Sussler
Trial Attorneys
Antitrust Division
Washington Criminal Section
United States Department of Justice